IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JOE WALLACE PEEPLES III,       )
                               )
        Plaintiff,             )
                               )
                               )   CIV-13-860-D
v.                             )
                               )
U.S. SKY MARSHAL #1,           )
                               )
        Defendant.             )

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the action be dismissed without prejudice pursuant

---

[1]Although the Complaint is filed on the form for a 42 U.S.C. § 1983 action, Plaintiff seeks damages from an unnamed federal correctional official. Hence, the action is generously construed as one brought under Bivens, supra. See Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006)(noting that a Bivens action is the "federal analog" to a § 1983 action). To the extent Plaintiff seeks relief under 42 U.S.C. § 1983, he has not alleged the requisite state action resulting in a deprivation of his constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

1

to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. <u>Statutory Screening of Prisoner Complaints</u>

All complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity must be screened to determine their sufficiency. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the plaintiff's allegations are accepted as true and any reasonable inferences to be drawn from the allegations are construed in the light most favorable to the plaintiff. <u>Kay v. Bemis</u>, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a *pro se* litigant's pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)).

The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal

2

theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Plaintiff's Complaint

In his Complaint, Plaintiff alleges that while he was being transported between correctional facilities on May 7, 2013, he observed an unnamed "U.S. Sky Marshal # 1" "tearing and ripping" Plaintiff's "legal work," and he observed "a nice size portion of my legal work and the one sentimental item . . . being handed to . . . [a] CCA transport officer" at the "Pittsburg airport." Complaint, at 4. He alleges that after arriving at the Federal Transfer Center in Oklahoma City, Oklahoma, a Bureau of Prisons ("BOP") official placed Plaintiff's "legal work" in storage and gave Plaintiff a receipt for the property. Id.

Following another transfer to the Metropolitan Correctional Center ("MCC") in Chicago, Illinois, an administrative facility for federal inmates, Plaintiff alleges he received his "legal work" and found that his "paper[s] . . . concerning [a] sexual assault [sic] by staff at FCI Englewood was missing" as well as his "grievences [sic] from CCA." Id. at 5. As relief, Plaintiff seeks one million dollars in damages and an "investigation if this was a conspiracy to cover up allegations of Plaintiff's sexual assault [sic] claim against BOP employee." Complaint, at 7.[2]

Plaintiff has attached to the Complaint several documents, including a letter authored by Plaintiff and addressed to the Warden of the "CCA" correctional facility in Youngstown,

---

[2]Plaintiff also asks that "this Court report this under 28 U.S.C. § 535(1)(B)." Complaint, at 5. Plaintiff may be referring to a federal statute giving the Attorney General and the Federal Bureau of Investigation the discretion to investigate federal criminal offenses involving federal officers and employees. 28 U.S.C. § 535(a). Such decisions are discretionary and generally immune from judicial review. See Heckler v. Chaney, 470 U.S. 821, 832 (1985). Thus, this claim is frivolous.

3

Ohio. Complaint, att. 1, at 1-2. In this letter, Plaintiff states that on May 7, 2013, "while being transfered [sic] by your transport officers to US Marshal at Pittsburg Airport, some paper work was given to your transport officers by the US Marshall" and he would "file a federal civil law suit against CCA if my personal and legal paper work that is in your possession is not returned to me." Id. at 2.

Plaintiff has attached to the Compalint the response he presumably received to this letter dated June 6, 2013, and signed by a correctional official of the Northeast Ohio Correctional Center ("NOCC"), a private prison operated by the Corrections Corporation of America ("CCA") which houses federal inmates, and the facility in which Plaintiff is currently confined.

In this letter, Plaintiff was advised by the NOCC official in response to his "Missing Legal Paperwork" issue that

> On 05-07-2013 your were transported from Northeast Ohio Correctional Facility by Transcor agents to Pittsburgh Airport. Prior to your departure you were given the option to have any paperwork mailed out to any destination of your choice. You declined that option. You were also advised that the United States Marshal Service (USMS) agents would decline all property of anyone being transported on to the airlift. Upon arrival to the airlift the USMS declined your paperwork and it was disposed of per the USMS.

Complaint, att.

Plaintiff has also attached to the Complaint a letter addressed to "BOP Administrative" in Washington, D.C., file-stamped as received by BOP's Administrative Remedy Section on June 5, 2013, in which Plaintiff alleges his "legal work was trashed and

very personal and legal items were removed by a US Marshal that refused to give me his name." He alleges that "unnamed US Sky Marshal did remove several legal and personal papers and hand them to a CCA (3rd party) transport officer." Complaint, att. 1, at 5.

Plaintiff has attached to the Complaint a response to the administrative remedy appeal from the BOP's National Inmate Appeals, Central Office dated June 7, 2013. In this response, a correctional official advised Plaintiff that he must bring his issues to the attention of institution staff and then, if necessary, to the Warden via BOP's administrative remedy procedure prior to seeking an administrative appeal.

III. Analysis

Plaintiff does not allege a specific constitutional deprivation in his Complaint. Although it is not possible to discern the exact constitutional basis or bases for Plaintiff's claims by reviewing the Complaint and accompanying documents, Plaintiff may be alleging a denial of his right of access to the courts.

Pursuant to Bounds v. Smith, 430 U.S. 817 (1977), inmates have a constitutionally-protected right of access to the courts which ensures them "meaningful access to the courts." Id. at 820-821, 824. Nevertheless, because there is no "freestanding right to a law library or legal assistance," an inmate alleging denial of his or her right to access the courts must show actual injury such that "an actionable claim [challenging a sentence or conditions of confinement] has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided." Lewis v. Casey, 518 U.S. 343, 351, 355-356 (1996).

Plaintiff has not alleged that he attempted to pursue a non-frivolous claim in court but was unable to do so or that he had pending litigation involving his sentence or the conditions of his confinement. Id. at 351 (stating, for example, inmate might show actionable injury if he sought to file a claim in court "but was so stymied by the inadequacies of the law library that he was unable even to file a complaint"). Rather, Plaintiff's Complaint and attached documentary evidence indicate that he failed to follow the proper procedure for securing his property prior to his transfer.

Pursuant to BOP's established regulations, "[t]he Warden ordinarily shall allow an inmate transferring to another institution to transport personal items determined necessary or appropriate by staff and, if applicable, LEGAL MATERIALS FOR ACTIVE COURT CASES." 28 C.F.R. § 553.14(a)(1)(emphasis added). All other "authorized personal property shall be shipped BY STAFF TO THE RECEIVING INSTITUTION." 28 C.F.R. §553.14(a)(emphasis added).

Nowhere in Plaintiff's pleadings or attached documentary evidence does Plaintiff allege that he had attempted to file or had filed an action in court concerning the alleged sexual assault upon him by an "FCI Englewood" staff member, but was unable to either file the action or complaint or continue to litigate a previously-filed action or complaint because of the removal of his "legal papers." Thus, Plaintiff has not alleged facts sufficient to state a plausible claim of a denial of his right of access to the courts.

Plaintiff may be alleging an intentional deprivation of his property under the Fifth and Fourteenth Amendments. With respect to this possible claim, BOP has a well-established

administrative grievance procedure to challenge the destruction or removal of a federal inmate's property. The documents attached to the Complaint reflect that Plaintiff has not completed the administrative grievance procedure provided by BOP. Plaintiff therefore cannot assert a plausible constitutional claim for the destruction or removal of his property. See Hudson v. Palmer, 468 U.S. 517, 533 (1984)(explaining that an intentional deprivation of property does not violate the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available").

Furthermore, assuming Plaintiff is seeking to assert a claim of negligent destruction or removal of his property, the Due Process Clause is "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Thus, Plaintiff cannot assert a plausible claim based on the negligent action or actions of federal correctional officials.

To the extent Plaintiff seeks relief from the unnamed federal correctional official in his official capacity, such a claim is barred by the sovereign immunity of the federal government and its officials in their official capacities. See Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001)("There is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity.").

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the

dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. ] § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     October 14th    , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    23rd    day of     September    , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE