IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOE WALLACE PEEPLES, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-860-D |
| | ) | |
| U.S. SKY MARSHAL #1, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). Upon initial screening, Judge Purcell recommends dismissal of the action pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, seeks damages for the alleged destruction of his personal and legal papers by a member of the United States Marshals Service assigned to the Federal Transfer Center; the destruction allegedly occurred at the Pittsburgh airport during Plaintiff's transfer between correctional institutions.[1] Judge Purcell concludes that Plaintiff is attempting to bring a civil rights action against a federal official pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), related to an allegedly unconstitutional denial of

---
[1] Plaintiff is confined in a correctional center in Youngstown, Ohio.

access to the courts or deprivation of property. Judge Purcell finds insufficient factual allegations to state a plausible constitutional claim.

Plaintiff objects generally to Judge Purcell's findings, and he presents an exhibit regarding service of process in a federal civil action in Colorado. This allegation is presented to overcome Judge Purcell's finding that "[n]owhre in Plaintiff's pleadings or attached documentary evidence does Plaintiff allege that he had attempted to file or had filed an action in court concerning the alleged sexual assault upon him by an 'FCI Englewood' staff member." *See* Report at 6. Also, Plaintiff alleges for the first time that the destroyed papers "are the only thing that can provide adequate proof of violations of law." *See* Objection at 1. This allegation may be presented to overcome Judge Purcell's finding that Plaintiff has not alleged he "was unable to either file the action or complaint or continue to litigate a previously-filed action or complaint because of the removal of his 'legal papers.'" *See* Report at 6.

Upon *de novo* consideration of the specific issues raised by Plaintiff's objection, the Court concurs in Judge Purcell's analysis and findings.[2] First, Plaintiff's objection does not draw into question Judge Purcell's finding that the Complaint fails to state a plausible constitutional claim regarding deprivation of property. Second, Plaintiff's factual allegations, including new ones made in his objection, are insufficient to state a plausible constitutional claim of denial of access to the courts. Plaintiff has not alleged any facts – as opposed to conclusory statements – from which to conclude that his loss of legal or personal papers will impede or hinder his efforts to pursue a

---

[2] The court of appeals has adopted a firm waiver rule, under which "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). The consequence of Plaintiff's failure to address a specific issue is a waiver of further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

nonfrivolous legal claim, or that he has suffered an actual injury for which a remedy can be awarded in this case.

According to the Supreme Court, the constitutional right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id*. Further, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id*.

From the objection, it appears Plaintiff has filed a civil rights suit in Colorado, presumably related to the alleged sexual assault. It is unclear, however, how the allegedly destroyed papers relate to a claim asserted in that case, or how the loss of papers will impair Plaintiff's ability to pursue the claim. Also, Plaintiff has not identified any remedy that is not available in that case. The Complaint in this case requests an award of damages or an "investigation if this was a conspiracy to cover up . . . Plaintiff's sexual assault claim." *See* Compl. [Doc No. 1] at 7. Any damages that Plaintiff suffered would presumably be related to his loss of a nonfrivolous claim, which has not yet occurred. *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1209 (10th Cir. 2004). Any intentional destruction of evidence, if that is what Plaintiff alleges, may be litigated and remedied in the underlying lawsuit better than in a separate action. "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Christopher*, 536 U.S. at 415.

For these reasons, the Court concurs in Judge Purcell's finding that the Complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Further, when final, this dismissal will count as a "prior occasion" for purposes of 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED. This action is DISMISSED without prejudice to refiling. Judgment shall be entered accordingly.

IT IS SO ORDERED this 28th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE